Thomas Spiers, Appellee, v. Anderson Motor Service Company, Appellant.

Gen. No. 8,668.

Opinion filed June 1, 1933.

Hoopes & Pefferle, for appellant.

C. A. Livingstone and L. E. Stone, for appellee.

Mr. Justice Niehaus delivered the opinion of the court.

Thomas Spiers, the appellee herein, brought this suit in the circuit court of Sangamon county to recover damages from the appellant, Anderson Motor Service Company, which he claims resulted to him from personal injuries he suffered in consequence of the collision of the automobile in which he was riding with the rear end of a trailer attached to a truck operated by the appellant, on the night of September 28, 1930 upon

and along the hard surfaced State Highway known as "Route 4." The collision occurred one mile south of Virden.

The appellee alleges in the first count of his declaration which he filed in the cause, that:

"The defendant, by its duly authorized agent and servant was in the use, possession, and control of a motor vehicle known as a motor truck and trailer and was operating the same along a public highway known as Route 4 of the State System of Durable Hard Surfaced Roads in the State of Illinois. And it was then and there the duty of the defendant to use care and caution so as not to injure persons driving upon the highway, in the exercise of reasonable care for their own safety; but the defendant disregarding that duty and in the night time, at about 10 o'clock P. M. at a point about one mile south of the City of Virden, Illinois, the defendant, through its agent, carelessly and negligently stopped its motor truck with trailers attached and allowed them to remain standing on the slab of the highway without any lights thereon and without any means of warning travelers, and as the result thereof the defendant, through its servant, did then and there carelessly and negligently create a dangerous condition to persons traveling upon the highway."

The second count charges that the collision occurred in consequence of appellant's negligence in violating section 217 of the Motor Vehicle Act, Cahill's St. ch. 95a, ¶ 17, in operating its truck and trailers. The section referred to requires that:

"When upon any public highway in this State, during the period from one hour after sunset to sunrise, every motor bicycle shall carry one lighted lamp and every motor vehicle two lighted lamps showing white lights, or lights of a yellow or amber tint, visible at least two hundred (200) feet in the direction towards

which each motor bicycle or motor vehicle is proceeding, and each motor vehicle or trailer shall also exhibit at least one lighted lamp which shall be so situated as to throw a red light visible in the reverse direction.''

To the declaration, the appellant pleaded the general issue and a special plea, to which the court sustained a demurrer.

The appellee was a witness in his own behalf and testified concerning the circumstances under which the collision occurred and his connection with the accident, as follows:

''I am 22 years old. I live in Springfield, Illinois. I assist my father who is a traveling salesman. I drive the automobile as he can't. I have been working for him for six years. . . . On the evening of September 28, 1930, I took Harry Herberger, his mother and sister, down to Girard. . . . Got back to Springfield about 6:30. . . . We left Springfield to go back to look for my watch about 7:15. After three hours I decided it was useless to try any more that night; and I thought we would come back in the day time. We started to go home and got to Girard and bought gas. . . . We left the filling station about 10:15 that night. Have been over that road several times and am familiar with it. I know there was a real sharp turn just before straightening away to the railroad. If I went east at that turn I would go on a dirt road and cross the railroad tracks. I drive between 30 and 35 miles an hour on a straightaway. This turn is abrupt and a narrow road and it is a blind turn and I slowed down to 20 miles an hour. I traveled this road once every two or three weeks for at least the last six years. I headed north towards Virden until I had the wreck. The Burlington train attracted my attention. I noticed it when we were about to go into the turn. It was to my right and south of the dirt road. As I traveled north toward the railroad track, I looked

back two or three times. Harry said everything was all right but I didn't take his word for it. I looked myself. I looked through the back door over my right shoulder. I was sitting on the left side of the car, at the wheel. Going down the straightaway I was traveling about 35 miles an hour. As I was nearing the railroad I saw a light, just like the sun, coming up over a mountain behind the horizon; just a glare of the light shot upward from some other light, I didn't know what kind. I suddenly saw the truck about six feet in front of me. It was a very short space but it looked like a big box car with dust all over it to blend with the sky. There was no tail light, no lights flashing from the railroad, no bell ringing. When I saw this truck six feet ahead I put my foot on the brake, but it takes a second or two for you to get your foot off the gas and onto the brake and in that time I had gone the six feet and had a wreck. I was unconscious. I woke up in Dr. Blunk's office.''

The appellee also testified that he was seriously and permanently injured in the collision.

There was a jury trial in the case; and the jury found the appellant guilty and assessed the appellee's damages at $500. Judgment was rendered upon the verdict; and this appeal is prosecuted to reverse the judgment.

The contentions of appellant for reversal of the judgment are as follows, namely:

''That there was no evidence of negligence on the part of appellant's servants; that appellee was guilty of contributory negligence as a matter of law; that the failure, if any, on the part of appellant to have a red light burning on the rear of the trailer was not the proximate cause of the collision in question; that the instructions given for appellee were erroneous; that the court erred in refusing to admit in evidence the agreement in writing mentioned in the special plea;

that the instructions tendered by appellant stated correct rules of law applicable to the case and that it was error to refuse said instructions and that the special plea filed by appellant was good in law and it was error to sustain the demurrer to this special plea and constitutes reversible error.''

These contentions are the same as appellant's contentions in the case of *Herberger v. Anderson Motor Service Co.*, 268 Ill. App. 403, passed upon by this court, which was a suit to recover damages brought by Herberger against the appellant for injuries suffered by him, resulting from the same collision; and appellant's contentions were passed upon in detail by this court, and were held to be legally insufficient to justify a reversal of the judgment in that case. For the reasons stated in the *Herberger* case, we again hold that they do not constitute a legal basis for reversal of the judgment in this case. The judgment is, therefore, affirmed.

*Affirmed.*